104 F.3d 356
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
SOUND ONE CORPORATION, Respondent.
 No. 96-4082.
 United States Court of Appeals, Second Circuit.
 Dec. 11, 1996.
 
 NLRB
 ORDER ENFORCED.
 APPEARING FOR PETITIONER: APPEARING FOR RESPONDENT: PETER WINKLER, JOAN E. HOYTE, National Labor Relations Board, Washington, D.C. PERRY HEIDECKER, Milman & Heidecker, Lake Success, New York.
 PRESENT: VAN GRAAFEILAND, JACOBS, and CALABRESI, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the National Labor Relations Board and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the National Labor Relations Board be and it hereby is ENFORCED.
 
 
 3
 This case is before the Court on the application of the NLRB for enforcement of its order of June 14, 1995, affirming and adopting the recommended order of the Administrative Law Judge. The parties dispute whether substantial evidence supports the ALJ's conclusion that Sound One Corporation violated Sections 8(a)(1) and 8(a)(3) of the National Labor Relations Act ("the Act") by discharging two employees, James Marchione and Andrew Tejral, because of their union activities.
 
 
 4
 Sound One, a New York corporation, provides postproduction sound services to the film industry. The company employs projectionists, sound engineers, mixers, maintenance persons, and machine room operators. Two local unions represent the company's employees. Generally speaking, Local 306 represents the projectionists, and Local 52 represents mixer and transfer employees.
 
 
 5
 On August 21, 1991, the Company signed a collective bargaining agreement ("CBA") recognizing Local 306 as the representative of its 11 machine room operators ("MROs")--who until then had been unrepresented. During the first week of November 1991, Jeremy Koch, the owner, vice president, and general manager of the company, met with each of the MROs and informed them that the company was being "forced to go union" and that they would have to join 306. Koch showed each MRO a copy of the CBA and then presented them each with a bargaining authorization form.
 
 
 6
 Believing that Local 52 would give them a better agreement, some of the MROs began to resist the 306 sign up drive, encouraging others to do the same. Marchione and Tejral were both among this group. On November 25, 1991, a number of MROs, including Marchione and Tejral, met with counsel for Local 52. That same day, Local 52 filed an unfair labor practice charge against the company. The charge alleged that Koch had conducted coercive one-on-one solicitations on behalf of Local 306. At the same time, Marchione, Tejral, and others applied for membership in Local 52.
 
 
 7
 In a letter dated December 19, 1991, Marchione was terminated from his job at Sound One. The letter stated that he was being let go because his "job performance and attitude ha[d] been steadily deteriorating over the past several months." On January 22, 1992, Koch called Tejral into his office and told him that he was going to be laid off because "business was declining," and that there was nothing wrong with his work. Tejral was offered reinstatement on February 1, 1993, which he declined.
 
 
 8
 A consolidated and amended complaint was filed in April 1993, alleging that Sound One had violated the provisions of the NLRA by, inter alia, (1) recognizing Local 306 at a time when it did not represent the majority of employees, (2) refusing to negotiate with Local 52, (3) threatening employees with discharge if they did not support Local 306, and (4) discharging Marchione and Tejral on account of their union activities.
 
 
 9
 After 16 days of hearings, the ALJ issued findings of fact and conclusions of law on February 7, 1995. The ALJ found that (1) the company supported and recognized Local 306 when it did not represent a majority of employees, (2) the company had threatened employees with discharge if they did not support Local 306, (3) the discharge of Marchione and Tejral was on account of their union activities, but that (4) the company was not guilty of refusing to negotiate with Local 52.
 
 
 10
 On June 14, 1995, a three member panel of the NLRB affirmed the ALJ's rulings, findings, and conclusions and adopted the recommended Order with slight (and for our purposes insignificant) modifications. The Board's order requires, in part, that Sound One offer Marchione immediate reinstatement to his former position and make Marchione and Tejral whole for any lost earnings. The NLRB has now applied to this Court for enforcement of that order. In response, Sound One only contests the Board's finding that the discharge of Marchione and the layoff of Terjal violated sections 8(a)(1) and (3) of the NLRA.
 
 
 11
 We "must enforce the Board's order if the Board's legal conclusions have a reasonable basis in law, and if its factual findings are supported by substantial evidence on the record as a whole." NLRB v. Windsor Castle Health Care Facilities, 13 F.3d 619, 623 (2d Cir.1994). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Holo-Krome, Co. v. NLRB, 947 F.2d 588, 592 (2d Cir.1991) (citation and internal quotation marks omitted). "We will not reject factual findings unless no rational trier of fact could have arrived at the Board's conclusion." Id. A reviewing court may not "displace the Board's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Universal Camera Corp., 340 U.S. 474, 488 (1994).
 
 
 12
 Sound One does not contest the Board's findings that it violated 8(a)(1) of the Act by threatening to discharge employees for not supporting Local 306, and that it violated 8(a)(1) and (2) by assisting, supporting, and entering into a CBA with Local 306. Nor does Sound One challenge the appropriateness of the remedies for these violations that the Board ordered. Therefore the Board is entitled to summary affirmance of these findings and conclusions. Torrington Extend-A-Care v. NLRB, 17 F.3d 580, 590 (2d Cir.1994) (citing NLRB v. Vanguard Tours, Inc., 981 F.2d 62, 67-68 (2d Cir.1992)). Moreover, the contested findings of unfair labor practices must be considered "against the background of acknowledged violations." Id. (citing NLRB v. Pace Motor Lines, Inc., 703 F.2d 28, 29 (2d Cir.1983)).
 
 
 13
 Sound One argues that the determinations of the NLRB and the ALJ that Marchione and Tejral were fired because of their union activities are not supported by substantial evidence. We disagree. An employer violates Sections 8(a)(3) and (1) of the Act by discharging, disciplining or otherwise discriminating against an employee for engaging in union activity. NLRB v. Transportation Management Corp., 462 U.S. 393, 397 (1983); Torrington, 17 F.3d at 591. In unlawful discharge and discrimination cases, the determinative issue is the employer's motivation. Abbey's Transp. Servs., Inc. v. NLRB, 837 F.2d 575, 579 (2d Cir.1988). The General Counsel must first persuade the Board that anti-union animus contributed to the employer's decision. If a prima facie case is established, the burden shifts to the employer to demonstrate by a preponderance of the evidence that the same employment action would have been taken in the absence of the protected conduct. Transportation Management Corp., 462 U.S. at 395.
 
 
 14
 Substantial evidence was presented to support the conclusion that Marchione was fired for his union activities, especially when considered in light of Sound One's admitted violations. It is clear from the record that many company officials were aware of Marchione's hostility towards Local 306, as well as his refusal to sign with the union and his failure to attend a November 1992 union meeting. Not only did management know of Marchione's opposition to Local 306, but comments (some expressing displeasure) were made to him on the subject and his firing occurred not long thereafter. Moreover, the ALJ found credible Marchione's testimony that a vice president of the company told him that his anti-union activities of November 22 had led to his firing. Though Sound One has presented evidence that Marchione was a difficult, headstrong individual who treated colleagues without appropriate deference, he was not fired until shortly after he became involved in union activities, and the precipitating event cited by Sound One--Marchione's use of business premises to change into and out of his gym clothes--is something Marchione had done scores of times without incident, according to testimony by Marchione that the NLRB was free to credit.
 
 
 15
 As to the layoff of Tejral, there is also substantial evidence in the record supporting the ALJ and NLRB decisions. A supervisor at Sound One admitted that he was aware that Tejral had not signed with Local 306 prior to Tejral's layoff. Moreover, Local 52 had sent a letter to a vice president of the company on December 30, listing five persons who had become Local 52 members, one of which was Tejral. The ALJ also credited Tejral's testimony that in December, the chief engineer at Sound One had expressed concern that Tejral had not signed with Local 306 and said to him that he would hate to see something happen to Tejral because he didn't sign the application for 306.
 
 
 16
 Sound One argues that Tejral would have been laid off in any event because of a slowdown in business. The ALJ found, however, that Sound One had offered conflicting reasons for why Tejral was selected for layoff. One witness testified that Tejral was a good and efficient worker, but that he was laid off because he wanted to work in another area; another witness stated that Tejral had an attitude problem and did not want to be there; while a third individual testified that Tejral's work was not exceptional, and that his desire to work elsewhere was not a factor in the layoff decision.
 
 
 17
 Shifting assertions and vacillating justifications strengthen and support the inference that the real reason for termination was union activity. See Abbey's Transp. Servs., 837 F.2d at 581. Though Sound One offers a different interpretation of the various reasons given for Tejral's termination, we "may not displace the Board's choice between two fairly conflicting views" of this evidence. Torrington, 17 F.3d at 590 (quoting Universal Camera, 340 U.S. at 488). Moreover, we must view the issue in light of the uncontested violations--Sound One admits that it violated the NLRA by threatening its employees with discharge for failure to support Local 306. We therefore conclude that substantial evidence supports the ALJ and NLRB determination as to Tejral's layoff.
 
 
 18
 We have considered all of respondent's contentions on this appeal and have found them to be without merit. The petition for review is denied, and the order of the Board is ENFORCED.